UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODGER SERATT,

    Plaintiff,

v.

CITY OF MARION, ILLINOIS,

    Defendant.

Case No. 11-cv-548-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Rodger Seratt's motion for leave to file an amended complaint (Doc. 5).

Because the time for amendment as a matter of right has passed, whether Seratt should be allowed to amend his complaint is governed by Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) provides that a plaintiff may amend his pleading only with the opposing parties' written consent, which Seratt has not obtained, or leave of court, which the Court should freely give when justice requires. Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Indiana Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party

by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

None of those circumstances weighing against allowing an amended pleading appear in the current record. Accordingly, the Court **GRANTS** Seratt's motion for leave to amend (Doc. 5). However, the Court notes that Seratt has signed his proposed amended pleading as "s/Rodger Seratt," the method that would be appropriate for an authorized Electronic Case Filing ("ECF") system user to sign electronically filed documents. *See* ECF Rule 8. However, Seratt is not authorized to use the ECF system, so he must submit his documents with his full signature pursuant to Federal Rule of Civil Procedure 11 ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented."). The Court **ORDERS** that Seratt shall submit a copy of his complaint with a complete signature on or before August 19, 2011, which the Clerk of Court shall file as the amended complaint.

Furthermore, because the City of Marion's motion to dismiss (Doc. 3) is directed at the original complaint, which will no longer be the operative pleading in this case once the amended complaint is filed, *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999), the Court **DENIES as moot** the motion to dismiss (Doc. 3).

**IT IS SO ORDERED.**
**DATED: August 4, 2011**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**