UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODGER SERATT,

    Plaintiff,

v.

CITY OF MARION, ILLINOIS,

    Defendant.

Case No. 11-cv-548-JPG-DGW

# MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Rodger Seratt's response (Doc. 14) to the Court's November 4, 2011, order to show cause (Doc. 13) why the Court should not construe Seratt's failure to timely respond to defendant City of Marion's ("City") motion to dismiss (Doc. 12) as an admission of the merits of the motion and dismiss his claims against the City. The Court warned Seratt that his failure to respond in a timely manner to the order could result in dismissal of this action for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

Seratt challenges the constitutionality of an ordinance passed by the City that prohibits possession of synthetic cannabis. The City asks the Court to dismiss Seratt's claims on the grounds that he has no standing to sue and has failed to state a claim.

Seratt responded to the Court's order to show cause, but he did not address the issues raised by the pending motion to dismiss and did not address his failure to respond to it. Instead, he asserts that his amended complaint (Doc. 8), filed on August 11, 2011, was his response to the motion to dismiss. This is impossible as the City did not file its motion to dismiss until September 2, 2011. It served the motion on Seratt at the address Seratt provided in the Court

file, yet Seratt did not respond and has not provided a good reason for his failure to respond.

Because it appears Seratt has no intention of responding to the City's pending motion to dismiss, pursuant to Local Rule 7.1(c), the Court construes his failure to respond as an admission of the merits of the motion and will dismiss this case for lack of standing.

Even had the Court not so construed Seratt's failure to respond, it would find Seratt does not have standing to sue. Standing contains three elements.

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical. . . . Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court. . . .. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations, quotations and footnotes omitted); *accord Sierra Club v. Franklin County Power of Ill., LLC*, 546 F.3d 918, 925 (7th Cir. 2008).

Nothing in the complaint indicates Seratt has suffered an injury in fact because nothing suggests he is in danger of violating the City's ordinance by possessing synthetic cannabis within the City. Furthermore, even if he had pled an injury, it would not be redressable by the Court. If the Court were to declare the City's ordinance unconstitutional, Illinois and/or federal law, which Seratt has not challenged, still would prohibit him from selling synthetic cannabis. *See* Ill. P.A. 97-192 (codified at 720 ILCS 570/204)) (adding 3,4-Methylenedioxypyrovalerone (MDPV), an active ingredient of synthetic cannabis, as a Schedule I controlled substance); 21 U.S.C. § 841(a); 76 Fed. Reg. 653771-75 (promulgated at 21 C.F.R. § 1308.11(g))) (temporarily listing synthetic cannabis active ingredients as Schedule I controlled substances).

2

For the foregoing reasons, the Court **GRANTS** the City's motion to dismiss (Doc. 12), **DISMISSES** this case for lack of standing and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  November 22, 2011**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**